UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY BAILEY,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:26-CV-05060-CCT<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL (DOC. 3) |

Movant Jeffrey J. Bailey has filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Pending before this court is Mr. Bailey's motion seeking court-appointed counsel in this matter.

"A habeas corpus proceeding is civil in nature, and 'the Sixth Amendment right to counsel afforded for criminal proceedings does not apply.'" Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (quoting Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993)).  The appointment is discretionary when no evidentiary hearing is necessary.[1]  Abdallah v. Norris, 18 F.3d 571, 573. (8th Cir. 1994); Sullivan v. Lockhart, 958 F.2d 823, 826 (8th Cir. 1992) (citing Ferguson v. Jones, 905 F.2d, 211, 213–14 (8th Cir. 1990)).

A court may, "in the interests of justice," appoint representation to any financially eligible person who is seeking relief under 28 U.S.C. § 2255.  18 U.S.C. § 3006A(a)(2)(B).  The Eighth Circuit established the following standard

---

[1] A district court must appoint counsel to represent petitioner in any evidentiary hearings deemed necessary by the court.  Abdullah, 18 F.3d at 573.

with regard to discretionary appointments of counsel for pro se habeas petitioners:

> If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it. To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors.

Abdullah, 18 F.3d at 573 (internal citations omitted).

In this matter, Mr. Bailey moves for appointment of counsel but does not assert why counsel is necessary at this stage of the proceedings or how the interests of justice require that counsel is necessary. Mr. Bailey's motion under 28 U.S.C. § 2255 to vacate, set aside or correct contains four grounds for relief along with articulate explanations of those grounds. Mr. Bailey appears to be capable of articulating his position and has already done so. Accordingly, it is hereby

ORDERED that movant Jeffrey J. Bailey's motion for appointment of counsel (Doc. 3) is denied. Should this court conclude in the future that an evidentiary hearing is necessary to resolve the issue raised in Mr. Bailey's § 2255 motion, the court will appoint counsel in advance of that hearing.

2

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED May 27, 2026.

BY THE COURT:

_____
Mark W. Haigh
United States Magistrate Judge

3